UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

           Plaintiff,

  - against -

IDEAL MORTGAGE BANKERS LTD.,
d/b/a LEND AMERICA, and
MICHAEL HOWARD ASHLEY

           Defendants.

-----------------------------------------------------------X

CONSENT DECREE
AND JUDGMENT

Civil Action No. 09-4484

(Bianco, J.)

(Wall, M.J.)

WHEREAS, the United States commenced this action against Defendants Ideal Mortgage Bankers, Ltd. d/b/a Lend America ("Lend America"), a mortgage lender participating in the United States Department of Housing and Urban Development's ("HUD") Direct Endorsement Program, and Michael Howard Ashley ("ASHLEY") (Lend America and ASHLEY are referred to collectively as "Defendants"), by filing a complaint in this Court (the "Complaint"); and

WHEREAS, on consent of the parties, the Court has deemed the Complaint in this action to be amended pursuant to Fed. R. Civ. P. 15 and the inherent power of the Court, as a matter of course, to include assertions set forth in the Supplemental Declaration of Special Agent Martin Sullivan dated November 19, 2009; and

WHEREAS, the Complaint as amended, whose allegations are incorporated by reference herein, states claims for relief under the Fraud Injunction Statute, 18 U.S.C. § 1345, based on the Defendants engaging in the following five categories of ongoing schemes to defraud the United States:

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JFB)(WDW)
Consent Decree and Judgment

A. Misrepresenting and making materially false certifications to HUD that Lend America was complying with its obligations as a Direct Endorsement mortgagee, when in fact it was intentionally disregarding its obligations;

B. Intentionally manipulating the loan applications and documentation supporting endorsement for FHA insurance of unqualified borrowers, so that it appeared that the borrowers qualify for mortgage loans insured by the United States Federal Housing Administration ("FHA");

C. Routinely and knowingly failing to timely fund FHA-insured refinanced loans;

D. Engaging in, with respect to each of the loan applications described in the Complaint as amended by the assertions set forth in the Supplemental Declaration of Special Agent Martin Sullivan, individual schemes to defraud, where Defendants not only (i) actively misrepresented and omitted material facts, but also (ii) made materially false certifications concerning the loans that Lend America originated and endorsed for FHA insurance; and

E. Concealing each of these schemes from detection by HUD, which tracks mortgage delinquency and default rates by each FHA-approved mortgage lender to detect problems in loan origination; and

WHEREAS, ASHLEY neither admits nor denies liability as to the allegations set forth in the Complaint as amended; and

WHEREAS, the United States and ASHLEY wish to resolve this action without further litigation; and

WHEREAS, effective as of 12:01 A.M. on Monday, December 7, 2009, ASHLEY's relationship with Lend America was terminated in all respects;

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that, pursuant to 18 U.S.C. § 1345 and the inherent power of this Court:

1. ASHLEY is permanently enjoined from directly or indirectly using the mails or wire transmissions to fraudulently engage in any of the conduct proscribed as set forth in paragraph 2 a-i herein.

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JFB)(WDW)
Consent Decree and Judgment

2. ASHLEY is permanently enjoined from directly or indirectly:

   a. originating, underwriting, endorsing for FHA insurance, or submitting to HUD any loans for FHA insurance coverage;

   b. submitting claims for FHA insurance coverage on loans in default;

   c. advertising, marketing or soliciting business to originate or otherwise make federally related or federally-insured home mortgage loans, including but not limited to, those loans defined in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602(1);

   d. participating in the Direct Endorsement Program or Lender Insurance Program in any manner, including but not limited to owning, employing, supervising, directing, reviewing, advising, or acting as a Supervised Mortgagee, a Non-Supervised Mortgagee, a Non-Supervised Loan Correspondent, a Supervised Loan Correspondent, or an Investing Mortgagee, Appraiser, Home Equity Conversion Mortgage ("HECM") Servicer, Housing Counselor, Loan Officer, Loan Processor, Property Inspector, Quality Control Officer, Section 203(K) Consultant, or Underwriter, as these terms are defined in the United States Department of Housing and Urban Development's regulations and handbooks;

   e. in addition to the Direct Endorsement or Lender Insurance Programs, participating in any way in any program concerning federally-related or insured home mortgage loans, including but not limited to programs concerning those loans defined in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602(1);

   f. holding of any ownership or partnership interest whatsoever, whether direct or indirect, in any entity whatsoever that engages in the conduct described in paragraph 2.a-e herein;

   g. being employed in any capacity, whether directly or indirectly, by any entity whatsoever that engages in the conduct described in paragraph 2.a-e herein, including but not limited to employment as a strategist or consultant;

   h. serving as an officer for any entity whatsoever that engages in the conduct described in paragraph 2.a-e herein;

   i. deriving income or receiving monies or things of value, tangible or intangible, whether directly or indirectly, from any entity whatsoever that engages in the conduct described in paragraph 2.a-e herein;

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JFB)(WDW)
Consent Decree and Judgment

3. ASHLEY will not have any relationship with Lend America, its successors in interest, corporate affiliates, subsidiaries owned in whole or part, or any other company or entity affiliated with Lend America in any fashion.

4. ASHLEY hereby waives any and all defenses to the allegations set forth in the Complaint as amended, including, but not limited to, statute of limitations, double jeopardy, laches, or excessive fines.

5. Default as to any of the foregoing provisions by ASHLEY will be considered a default as to all provisions.

6. Notwithstanding any term of this Agreement, specifically reserved and excluded from the scope and terms of this Agreement and settlement and resolution of this case as to any entity or person (including ASHLEY) are the following:

    a. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Any administrative liability;

    d. Any civil liability to the United States, outside of the relief sought under 18 U.S.C. § 1345 for this case, including, but not limited to:

        i. the False Claims Act, 31 U.S.C. § 3729 et seq.;

        ii. common law remedies;

        iii. the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1811 et seq.;

        iv. any liability based upon such obligations as are created by this Agreement;

    e. Any liability for any conduct after the Effective Date of this Agreement.

KEVIN KEATING   17182546081   03/03/2010   #849 P.005/008
410   P.04

United States v. Ideal Mortgage
Consent Decree and Judgment

3. ASHLEY will not have any relationship with Lend America, its successors in interest, corporate affiliates, subsidiaries owned in whole or part, or any other company or entity affiliated with Lend America in any fashion.

4. ASHLEY hereby waives any and all defenses to the allegations set forth in the Complaint as amended, including, but not limited to

laches, or excessive fines.

5. Default as to

default as to all provisions.

6. Notwithstanding

from the scope and terms

entity or person (including ASHLEY)

a. Any civil, criminal, or administrative liability arising under Title 26 U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Any civil liability to the United States, outside of the relief sought under 18 U.S.C. § 1345 for this case, including, but not limited

i. the False Claims Act, 31 U.S.C. § 3729 et seq.;

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JFB)(WDW)
Consent Decree and Judgment

7. This Consent Decree and Judgment shall not be modified except in a writing signed by ASHLEY and the United States and approved by the Court.

8. This Consent Decree and Judgment shall be governed by the laws of the United States.

9. ASHLEY and the United States agree to bear their own costs and attorney's fees in this action.

10. This Consent Decree and Judgment contains the entire agreement between ASHLEY and the United States with respect to the subject matter herein. ASHLEY and the United States acknowledge that there are no understandings relating to the settlement other than those expressly contained in this Consent Decree and Judgment.

11. The undersigned signatories represent that they are fully authorized to enter into the terms and conditions of this Consent Decree and Judgment and to execute and legally bind the Party which he or she represents to this Consent Decree and Judgment.

12. This Court will retain jurisdiction over the enforcement and interpretation of this Consent Decree and Judgment and to resolve all disputes arising hereunder as may be necessary for the construction and enforcement of this Consent Decree and Judgment.

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JFB)(WDW)
Consent Decree and Judgment

## MICHAEL ASHLEY

KEVIN KEATING, ESQ.
Attorney for Michael Ashley

Dated: ~~December~~ MARCH 3, 2010, 2009　　　By: _____
　　　　　　　　　　　　　　　　　　　　KEVIN KEATING, ESQ.

Dated: December  , 2009　　　By: _____
　　　　　　　　　　　　　　　　　　　　MICHAEL ASHLEY

State of New York
County of _____

I _____ Notary Public in and for the State of New York, do hereby state that on the 15 day of _____, 2009 there did appear before me Michael Ashley, personally known to me, at _____ New York, who did in my presence subscribe his name on this document.

Dated: 12/15/09 _____, New York, this ___ day of December, 2009.

_____
Notary Public
My commission expires:

[Notary Seal: STEPHEN B. MILLSTEIN, NOTARY PUBLIC, BALTIMORE COUNTY, MD, My Comm. Exp. JANUARY 1, 2010]

From:KEVIN KEATING　　To:　　　　　　　　　　#849 P.007/
DEC-15-2009　　　　　　　　　　　　　　　　410 902 9929　P.06

MICHAEL ASHLEY

KEVIN KEATING, ESQ.
Attorney for Michael Ashley

Dated: December  , 2009
State of New York
County of _____

I _____, do hereby
15 day of _____, 2009 there did appear before me Michael Ashley, personally known to me, at _____ New York, who did in my presence subscribe his name on this document.

Dated: _____

Notary Public
My commission expires:

United States v. Ideal Mortgage Bankers, Ltd. and Michael H. Ashley
EDNY No. 09-4484 (JPB)(WDW)
Consent Decree and Judgment

## THE UNITED STATES OF AMERICA

BENTON J. CAMPBELL
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

Dated: ~~December~~ MARCH 3, 2010 EN

By: _/s/ Edward K. Newman/_
KEVAN CLEARY
JAMES KNAPP
EDWARD K. NEWMAN
JOHN VAGELATOS
Assistant United States Attorneys

SO ORDERED this _____ day of DECEMBER, 2009.

_____
HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA

BENTON J. CAMPBELL
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

Dated: December

KEVAN CLEARY
JAMES KNAPP
EDWARD K. NEWMAN
JOHN VAGELATOS
Assistant United States Attorneys

SO ORDERED this ___ day of

HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE