CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y
★   2010   ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,

    -against-

IDEAL MORTGAGE BANKERS, LTD.
d/b/a LEND AMERICA, and
MICHAEL HOWARD ASHLEY,

        Defendants.
------------------------------------------------------------X

Civil Action No. 09-CV-4484

(Bianco, J.)
(Wall, M.J.)

## DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55

On October 20, 2009, the UNITED STATES OF AMERICA, by its attorney, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, and Kevan Cleary, Edward K. Newman and John Vagelatos, Assistant U.S. Attorneys, having commenced this action against *inter alia* defendant IDEAL MORTGAGE BANKERS, LTD. d/b/a LEND AMERICA ("Lend America") by the filing of a complaint and the issuance of summons;

This action being brought pursuant to 18 U.S.C. § 1345, alleging *inter alia* that Lend America was engaging in four categories of ongoing schemes to defraud the United States, specifically that:

    a.    Lend America is misrepresenting and making materially false certifications to HUD that Lend America is complying with its obligations as a Direct Endorser, when in fact it is intentionally disregarding its obligations;

    b.    Lend America is intentionally manipulating the loan applications and documentation supporting endorsement for FHA insurance for unqualified borrowers so that it appears that the borrowers qualify for FHA-insured mortgage loans;

United States of America v. Ideal Mortgage Bankers,
Ltd. d/b/a Lend America, et al., 09-cv- 4484 (JFB)
Default Judgment

    c.    In over forty loans described in the complaint, Lend America not only (i) actively misrepresented and omitted material facts, but also (ii) made materially false certifications concerning the loans that it has originated and which have been endorsed for FHA insurance;

    d.    Lend America is intentionally concealing each of the foregoing schemes from detection by HUD;

The United States seeking *inter alia* permanent injunctive relief enjoining Lend America from engaging in schemes to defraud the United States by originating government-insured mortgage loans to unqualified borrowers;

The summonses and complaint having been served upon Lend America on October 20, 2009, and proof of service having been filed with the Office of the Clerk of the Court;

Counsel having appeared before the Court on behalf of Lend America;

The Court having allowed Lend America's counsel to withdraw on December 16, 2009;

The Court having ordered Lend America to have new counsel file a notice of appearance by January 17, 2010;

No new counsel having filed a notice of appearance to date;

Lend America having failed to answer other defend in this action;

The Clerk of the Court having entered Notation of Default on March 5, 2010; and

Upon the pleadings, papers and proceedings herein to date,

United States of America v. Ideal Mortgage Bankers,
Ltd. d/b/a Lend America, et al., 09-cv- 4484 (JFB)
Default Judgment

NOW, on motion of the United States of America, it is hereby

ORDERED AND ADJUDGED that judgment by default be entered against Lend America in favor of the United States pursuant to Fed. R. Civ. P. 55, permanently enjoining Lend America, its agents or employees from:

    a.    directly or indirectly using the mails or wire transmissions or causing use of the mails or wire transmissions to fraudulently obtain mortgage insurance from the Federal Housing Administration ("FHA");

    b.    originating, underwriting, endorsing for FHA insurance, or submitting to United States Department of Housing and Urban Development ("HUD"), any loans for FHA insurance coverage;

    c.    submitting claims for FHA insurance coverage on loans in default;

    d.    advertising, marketing to the public, or otherwise soliciting business to originate or otherwise make federally related or federally-insured home mortgage loans, including but not limited to, those loans defined in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602 (1);

    e.    participating or in any way being involved in HUD's Direct Endorsement Program or Lender Insurance Program in any manner, including but not limited to owning, employing or acting as a Supervised Mortgagee, a Non-Supervised Mortgagee, a Non-Supervised Loan Correspondent, a Supervised Loan Correspondent, or an Investing Mortgagee, Appraiser, Home Equity Conversion Mortgage Servicer, Housing Counselor, Loan Officer, Loan Processor, Property Inspector, Quality Control Officer, Section 203(K) Consultant, or Underwriter, as these terms are defined in the HUD's regulations and handbooks;

    f.    in addition to the Direct Endorsement Program or Lender Insurance Program, participating in any way in any program concerning federally-related or insured home mortgage loans, including but not limited to programs concerning those loans defined in Real Estate Settlement Procedures Act, 12 U.S.C. § 2602(1); and

that this case is hereby closed.

Dated:  ~~Brooklyn~~ Central Islip, New York
       ~~April~~ May 7, 2010

                                                Honorable Joseph F. Bianco
                                                United States District Judge